UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE A. CORTINAS,

                              Plaintiff,

                    -against-

WARDEN,

                              Defendant.

20-CV-3667 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff, currently incarcerated at the Metropolitan Detention Center (MDC) in

Brooklyn, New York, filed this letter, addressed to Judge Loretta A. Preska, in which he asserts

that prison officials are failing to take the necessary precautions to protect him from contracting

COVID-19. Plaintiff does not ask for specific relief. He does, however, state that he wants his

attorney to request a bond hearing, but that he has been unable to get in touch with his attorney.

The Clerk of Court opened the letter as a new civil action.

      It is not clear why Plaintiff directed his letter to Judge Preska. The Court has reviewed

this District's docket (CM/ECF), the Public Access to Court Electronic Records (PACER)

database, and the Bureau of Prisons website, but was unable to determine the origin of the

federal prosecution against Plaintiff. or even why he is detained at MDC.

      For the following reasons, this action is transferred to the United States District Court for

the Eastern District of New York.

**DISCUSSION**

Under the general venue provision, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are
    residents of the State in which the district is located; (2) a judicial district in
    which a substantial part of the events or omissions giving rise to the claim
    occurred . . . ; or (3) if there is no district in which an action may otherwise be

brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1).

Plaintiff filed this complaint regarding events occurring at MDC, located in Brooklyn, New York. The named Defendant is the MDC Warden. Because Plaintiff does not allege that Defendant resides in this District or that a substantial part of the events or omissions underlying his claim arose in this District, venue does not appear to be proper in this District under § 1391(b)(1) or (2).

Even if venue were proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n.*

2

*Inc. v. OSHA*., 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C.

§ 1404(a) would seem to permit a court to order transfer *sua sponte*").

 In determining whether transfer is appropriate, courts consider the following factors:

(1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative

facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the

location of relevant documents and the relative ease of access to sources of proof; (6) the relative

means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded

to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the

totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see*

*also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010)

(setting forth similar factors). A plaintiff's choice of forum is accorded less deference where

plaintiff does not reside in the chosen forum and the operative events did not occur there. *See*

*Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

 Under § 1404(a), transfer appears to be appropriate in this case. The underlying events

occurred in MDC, where Plaintiff is incarcerated and where Defendant appears to reside. MDC

is located in Brooklyn, New York, Kings County, which falls within the Eastern District of New

York. See 28 U.S.C. § 112(a). Venue is therefore proper in the Eastern District of New York. *See*

28 U.S.C. § 1391(b). Based on the totality of the circumstances, the Court concludes that it is in

the interest of justice to transfer this action to the United States District Court for the Eastern

District of New York. 28 U.S.C. § 1404(a).[1]

---

 [1] Even if this Court were to construe this submission as a *habeas corpus* petition under 28 U.S.C. § 2241, transfer would be appropriate. To consider a petition filed under § 2241, a court must have jurisdiction over the custodian. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) (writ of *habeas corpus* does not act upon the prisoner who seek relief, but upon his or her custodian). Thus, the jurisdiction of a *habeas* petition challenging a

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[2] A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    May 18, 2020
          New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

---

Plaintiff's physical confinement generally lies in the district of his confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). As Plaintiff is currently detained at MDC, venue under § 2241 lies in the Eastern District of New York.

[2] Plaintiff did not submit an application for leave to proceed *in forma pauperis* (IFP) or a prisoner authorization.

4